United States v. Johnson

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "Summary Order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of September, two thousand eighteen.

Present:
> BARRINGTON D. PARKER,
> PETER W. HALL,
> RAYMOND J. LOHIER, JR.
> *Circuit Judges.*

---

United States of America,

> *Appellee,*

v.

Khaa McKenzie, AKA Kai; Michael Farmer, AKA Little D; Shaquan Jones, AKA Quan; James Gurley; Messiah Oakley,

> *Defendants,*

Christian Keston John, AKA Kevin Johnson, AKA Christian John, AKA John-Rock Christian, AKA Bruce Christian, AKA Devon Johnson, AKA Christian R. Bruce, AKA Pinero, AKA Five, AKA P; Marvin Johnson, AKA Snoog,

> *Defendants-Appellants.*

17-393-cr(L);
17-447-cr

---

*For Appellee*:                 ROBERT T. POLEMENI, Assistant United States Attorney (Emily Berger, Soumya Dayananda, Assistant United States Attorneys, *on the brief*), *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, NY.

*For Appellant John*:           SUSAN G. KELLMAN (Sarah Kunstler, *on the brief*), Law Offices of Susan G. Kellman, Brooklyn, NY.

*For Appellant Johnson*:        BRENDAN WHITE, White & White, New York, NY.

Appeal from judgments entered February 3, 2017 in the United States District Court for the Eastern District of New York (Block, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's judgments are **AFFIRMED**.

After a 17-day trial, a jury found Christian John guilty of participating in the affairs of an enterprise through a pattern of racketeering activity, conspiracy to participate in the affairs of an enterprise through a pattern of racketeering activity, Hobbs Act robbery, Hobbs Act robbery conspiracy, conspiracy to distribute cocaine and marijuana, unlawful use of a firearm, five counts of murder in aid of racketeering, attempted murder in aid of racketeering, drug-related murder, four counts of firearm-related murder, assault in aid of racketeering, and murder-for-hire conspiracy. The jury also found Marvin Johnson guilty of murder in aid of racketeering, drug-related murder, Hobbs Act robbery conspiracy, conspiracy to distribute cocaine and marijuana, and unlawful use of a firearm. John and Johnson now appeal those convictions. We assume the parties' familiarity with the

2

underlying facts, the procedural history, the arguments presented on appeal, and the district court's rulings, which we reference only to explain our decision.

Both defendants challenge the sufficiency of the evidence supporting their convictions. "In challenging the sufficiency of the evidence to support his conviction, a defendant bears a heavy burden." *United States v. Josephberg*, 562 F.3d 478, 487 (2d Cir. 2009). "In reviewing such a challenge, we are required to view all of the evidence in the light most favorable to the government, crediting every inference that could have been drawn in the government's favor, and we must affirm the conviction so long as, from the inferences reasonably drawn, the jury might fairly have concluded guilt beyond a reasonable doubt." *Id.* (citations omitted).

Viewing the evidence offered at trial in the light most favorable to the government, the jury reasonably could have found beyond a reasonable doubt that John and Johnson are guilty of the crimes for which they were convicted. The evidence supporting the federal racketeering conviction was sufficient for the jury to find that John, along with others, "associated together for a common purpose of engaging in a course of conduct" as shown by "evidence that the various associates function[ed] as a continuing unit." *United States v. Burden*, 600 F.3d 204, 214 (2d Cir. 2010) (internal quotation marks omitted). Because this evidence underlies the majority of John's convictions, its sufficiency undermines the majority of his arguments on appeal. Similarly, the evidence the government offered at trial was sufficient for the jury to find beyond a reasonable doubt that John and Johnson are

3

guilty of the drug-related convictions as well as the convictions arising from the murder of Kevin Obermuller.

John also appeals the district court's denial of his request to include special interrogatories with the verdict form, which would have required the jury to specify what predicate crime it found he furthered by using a firearm in Count Five. "[W]e commit the decision of whether and how to utilize special interrogatories in [complex criminal] cases to the broad discretion of the district court." *United States v. Applins*, 637 F.3d 59, 82 (2d Cir. 2011) (internal quotation marks omitted). The district court did not abuse that discretion by denying John's request for special interrogatories.

Johnson asserts that his convictions should be vacated because he was denied a fair trial due to spillover prejudice the jury likely held because he and John were tried as co-defendants. "The absence of [prejudicial] spillover is most readily inferable where the jury has convicted a defendant on some counts but not on others." *United States v. Hamilton*, 334 F.3d 170, 183 (2d Cir. 2003). "[W]here the record indicates that the jury was able to distinguish between counts or between defendants, and to assess separately the evidence pertinent to each, we have found no basis for concluding that a new trial was warranted because of prejudicial spillover." *Id.* Here, we are confident Johnson's convictions were not the result of prejudicial spillover or the jury's confusion as to the evidence. The jury found John guilty of the charged racketeering counts while finding Johnson not guilty on those same counts. Nor does the record provide any basis to conclude that the jury, when

4

deciding Johnson's guilt, was unable to put aside any prejudicial feelings incited by the evidence relevant to John's charges.

We have considered John's and Johnson's remaining arguments, including those raised in their *pro se* supplemental briefs, and find them to be without merit. The judgments are **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk